In the Matter of the Arbitration Between UNIVERSAL METAL PRODUCTS CO., INC., Petitioner, and UNITED ELECTRICAL RADIO & MACHINE WORKERS OF AMERICA, LOCAL 1225, Respondent.

Supreme Court, Special Term, Kings County, March 16, 1943.

*Protter & Bagley* for respondent.

*Levy, Gutman & Goldberg* for petitioner.

NORTON, J. The union moves to modify and confirm the alleged arbitration award herein and the employer moves to vacate the award.

On April 1, 1942, the employer corporation entered into an agreement with the union as to conditions of employment and basic or minimum wage rates to be paid employees for the period of the ensuing year. The agreement provided that " all present employees shall receive an increase of eight cents per hour dating from the delivery of this agreement, and an additional five cents per hour commencing six months from the date of the delivery of this agreement, with the following exceptions: (1) all employees who now earn or hereafter may earn ninety cents per hour."

Under this agreement the additional five cents per hour provided for therein was to be paid commencing October 1, 1942. The employer claims that some months after April 1, 1942, the time of the signing of the agreement, and during the month of June, at the request and solicitation of its employees, it gave increases from time to time of the five cents an hour or more over the increase of eight cents per hour required to be made, as provided for in the agreement. The employer further claims that some of the employees requested that the employer anticipate the October 1, 1942, raise, and others were granted without request with a view to fair treatment for all employees entitled to such increase under the provisions of said agreement. It is further claimed by the employer that all of these increases were paid by the employer and received by the employees prior to October 1, 1942, and that it was mutually understood and agreed that these anticipated payments of increase in wages were to cover the October 1st increase called for in the agreement and as a performance thereof.

Whether the payment by the employer constituted a performance of the contract or the acceptance of such increase by any or all of such employees prior to October 1st constituted a waiver of their right under the agreement presented questions of fact which necessitated the due taking of proof.

No formal proof on such questions of fact was taken by the arbitrator, and no witnesses heard on such questions. On the contrary, it satisfactorily appears that the arbitrator predicated his award merely upon his construction as a matter of law of the meaning of the contract of April 1st. This is indicated by the language of the award of the arbitrator, wherein he says: " This problem involves an interpretation of the collective labor agreement between the parties entered into on the first

day of April, 1942 * * *. The arbitrator is bound by the specific language of the collective labor agreement. There is no claim that such language does not represent the intention of the parties *at the time of the execution of the agreement.* * * * Accordingly the plain language of the agreement must be sustained.''

Under the terms of the agreement all questions, not only of interpretation but also of performance, were to be settled as provided for therein. In the circumstances disclosed by the papers submitted upon these motions, it was the duty of the arbitrator not only to determine questions of law, but also any questions of fact involving interpretation or performance or both that might be involved in the controversy submitted to him for arbitration. I am of the opinion that the arbitration herein was so imperfectly executed that a final and definite award was not made upon the subject matter submitted. The motion to modify and confirm the award of the arbitrator is denied, and the motion to vacate the award is granted, and the controversy directed to be submitted to the New York State Board of Mediation for Arbitration, as provided for in the contract herein.